**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01454-REB-MJW

PRESTON A. STEINERT,

    Plaintiff,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation,

    Defendant.

## ORDER DENYING MOTION TO DISMISS AND TO BIFURCATE

**Blackburn, J.**

This matter is before me on the **Defendant's Motion To Dismiss Plaintiff's Claims for Bad Faith (3rd Claim for Relief), and Breach of Contract (4th Claim for Relief) F.R.C.P. 12(b)(6) or in the Alternative, Motion to Bifurcate Claims** [#has filed a reply [#45]. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v.**

*Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); **see also *Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 538 U.S. 999 (2003). I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, ___ U.S. ___, ___, 127 S.Ct. 1955,1974 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

### III. FACTS

In the following summary of facts I treat as true all of the well-pleaded allegations in the complaint. The plaintiff, Preston Steinert, was involved in an auto accident on October 13, 2004. It is undisputed that the driver of the other car, Henry Williams, was at fault. Williams carried 100,000 dollars in liability insurance coverage, and Williams' insurance company has paid that amount to Steinert. At the time of the accident, Steinert was driving a truck that was owned by his employer, Citywide Enterprises, Inc. Citywide carried underinsured motorist coverage on the truck under a policy issued by the defendant, Mountain States Mutual Casualty Company. Under the terms of the Mountain States policy, Williams constituted an underinsured motorist. The Mountain States policy provides up to one million dollars of underinsured motorist coverage.

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" standard of ***Conley v. Gibson***, 355 U.S.41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "plausibility" standard and its meaning recently were clarified in ***Robbins v. Oklahoma***, 519 F.3d 1242 (10th Cir. 2008).

2

Steinert says he provided to Mountain States medical records verifying that he has permanent physical injuries that will affect his physical functioning for the rest of his life.  He also provided medical records indicating that he suffered a permanent brain injury that will affect his cognitive functioning for the rest of his life.  He says he also provided a vocational evaluation that shows that he has significant vocational restrictions, and an economic evaluation that demonstrates that the present value of his economic losses ranges between 1.5 million and 1.7 million dollars.  Most of these losses, Steinert alleges, were not covered by the Williams policy.  Steinert claims he is entitled to 900,000 dollars in underinsured motorist coverage from Mountain States, he has demanded coverage from Mountain States in that amount, and Mountain States has denied his claim.  Steinert alleges that Mountain States has failed to evaluate his claim properly.  He alleges that Mountain States denied his claim for coverage even though mountain States did not have any medical, vocational, or economic analyses to support its position.

Based on these allegations, Steinert asserts claims of negligence, negligence per se, breach of contract, and bad faith breach of the covenant of good faith.  The motion to dismiss addresses only the breach of contract and bad faith claims.

## IV.  MOTION TO DISMISS

In its motion to dismiss, Mountain States argues that Steinert cannot yet assert a claim for breach of contract or for bad faith breach of the covenant of good faith because the policy in question provides certain procedures to resolve disputes about the amount of coverage to which an insured may be entitled.  *Motion to dismiss*, pp. 4 - 5. Absent a resolution of this dispute as provided by the policy, Mountain States argues, it is premature to litigate Steinert's breach of contract and bad faith claims

3

because the amount due to Steinert has not yet been determined. Absent such a determination, Mountain States claims, it cannot be proven that Mountain States' conduct was unreasonable. Mountain States asserts also that it made two offers to settle Steinert's claim and that Steinert has not proven that his injuries are worth more than Mountain States has offered.

Mountain States' argument is based on factual contentions that are not included in the complaint. The complaint says nothing about the policy terms cited by Mountain States, and the complaint says nothing about any offers of settlement made to Steinert. Mountain States offers no evidence in support of its factual contentions. Applying the standard of review outlined above, I may not consider factual contentions outside of the factual allegations in the complaint. Rather, I review the complaint to determine if it contains factual allegations sufficient to state a claim for relief that is plausible on its face. **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007).

In Colorado, Steinert may establish his claim for breach of contract by showing that 1) the defendant entered in to a contract with Steinert; 2) the defendant failed to perform a promise included in the contract; and 3) Steinert substantially performed his duties under the contract. CJI-Civ. 4th 30:1 and the concomitant *Notes on Use* and *Source and Authority*. Steinert may establish bad faith breach of an insurance contract by showing that 1) he had damages; 2) the defendant acted unreasonably in denying his claim; 3) the defendant knew its position was unreasonable or recklessly disregarded that fact; and 4) the defendant's unreasonable conduct was a cause of his damages. CJI-Civ. 4th 25:2 and the concomitant *Notes on Use* and *Source and Authority*. In his complaint, Steinert alleges, in essence, that Steinert is covered under the insurance contract between Mountain States and Citywide Enterprises, that Steinert

4

provided to Mountain States documentation indicating that his claim is worth 900,000 dollars, that Mountain States has no contrary evidence, that Mountain States willfully refused to pay anything on Steinert's claim and Mountain States had no substantial justification for its refusal to pay, and that Steinert has suffered damages as a result. These factual allegations are sufficient to state claims for both breach of contract and bad faith breach of an insurance contract. Therefore, Mountain States' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) must be denied.

### V. MOTION TO BIFURCATE

Alternatively, Mountain States argues that the plaintiff's breach of contract and bad faith claims should be tried separately from his other claims.[2] Mountain States says it made two settlement offers to Steinert, and that evidence of those offers is relevant to the bad faith claim. However, Mountain States says evidence of the settlement offers will be prejudicial to Mountain States in relation to Steinert's other claims because the offers of settlement may be seen by the jury as admissions that the plaintiff is entitled to some benefit under the policy.

Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." **Green Const. Co. v. Kansas Power & Light Co.**, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted). I conclude that bifurcation is not necessary in this case.

---

[2] It is not clear whether Mountain States seeks to have the bad faith claim bifurcated from the other claims, or whether it wants the breach of contract and bad faith claims bifurcated from the other two claims. It appears to seek both types of bifurcation at various points in its motion.

5

It is true that evidence of Mountain States' settlement offers likely is not admissible concerning most of the plaintiff's claims, but is relevant and admissible concerning the bad faith claim. However, on the current record, I conclude that any possible prejudice Mountain States may suffer from the admission of such evidence likely can be alleviated sufficiently by measures other than bifurcation. Mountain States' motion to bifurcate is denied.

## VI. ORDER

**THEREFORE, IT IS ORDERED** that the **Defendant's Motion To Dismiss Plaintiff's Claims for Bad Faith (3rd Claim for Relief), and Breach of Contract (4th Claim for Relief) F.R.C.P. 12(b)(6) or in the Alternative, Motion to Bifurcate Claims** [#25], filed November 28, 2007, is **DENIED**.

Dated July 8, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**