IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01454-REB-MJW

PRESTON A. STEINERT,

    Plaintiff,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation,

    Defendant.

## ORDER GRANTING MOTION TO AMEND COMPLAINT

**Blackburn, J.**

This matter is before me on the following: 1) **Plaintiff's Motion for Leave To Amend Complaint To Add Exemplary Damages Against Defendant** [#52], filed January 30, 2008; and 2) the magistrate judge's **Recommendation Regarding Plaintiff's Motion for Leave To Amend Complaint to Add Exemplary Damages Against Defendant (Docket No. 52)** [#74], filed February 27, 2008. I grant the motion to amend. The magistrate judge's recommendation now is moot. Therefore, I direct that the recommendation be terminated on the docket as moot.

The plaintiff's complaint concerns his claim for benefits under an auto insurance policy. The plaintiff asserts claims for negligence, negligence per se, breach of contract, and bad faith breach of the covenant of good faith. In his motion to amend, the plaintiff seeks permission to amend his complaint to add a claim for exemplary damages against the defendant. Under §13-21-102, C.R.S., a plaintiff may assert a claim for exemplary damages in a case such as this case only after the exchange of

initial disclosures by the parties and only after the plaintiff establishes *prima facie* proof of a triable issue. Under Fed.R.Civ.P. 15(a), a court should grant leave to amend freely when justice so requires. Amendments are generally allowed except where well-defined exceptions apply. The most notable exceptions include a showing of undue delay, undue prejudice (to the opposing party), or futility. ***See, e.g., Castleglen, Inc. v. Resolution Trust Corp***., 984 F.2d 1571, 1585 (10th Cir. 1993).

Having considered the record in this case, I conclude that the plaintiff has established *prima facie* proof of a triable issue concerning his claim for exemplary damages. The record reflects no other reason to deny the plaintiff's request to amend his complaint. I note that the plaintiff attached a proposed amended complaint to his motion to amend the complaint. Due to the lapse of time between the filing of the motion and this order, I direct that the plaintiff shall file his amended complaint, adding his claim for exemplary damages, on or before September19, 2008.

In his recommendation addressing the motion to amend [#74], filed February 27, 2008, the magistrate judge recommended that the motion to amend be denied without prejudice because a pending motion to dismiss the complaint had not yet been resolved. The motion to dismiss now has been resolved, and there now is no reason to delay resolution of the plaintiff's request to amend his complaint. In these circumstances, I conclude that the magistrate judge's recommendation now is moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Leave To Amend Complaint To Add Exemplary Damages Against Defendant** [#52], filed January 30, 2008, is **GRANTED**;

2. That on or before September 18, 2008, the plaintiff **MAY FILE** an amended complaint adding a claim for exemplary damages against the defendant; and

3. That the magistrate judge's **Recommendation Regarding Plaintiff's Motion for Leave To Amend Complaint to Add Exemplary Damages Against Defendant (Docket No. 52)** [#74], filed February 27, 2008, **SHALL BE TERMINATED** on the docket of this case as moot.

Dated September 11, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**